[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO REOPEN (DOCKET ENTRY NO. 132)
This dispute arises out of this courts ruling on the defendant's, Land Air Transport, Inc. (Land Air), motion for order dated April 21, 1998 (pleading number 124). In that motion the defendant requested relief in the form of either an order to preclude plaintiffs wage or injury claims at trial or a nonsuit. After reviewing the motion, this court concluded that the appropriate remedy was a judgment of nonsuit and the same entered on July 20, 1998. On November 12, 1998, the plaintiff filed a motion to "reopen" the judgment (pleading number 132) claiming inter alia, that the court did not have plaintiff's memorandum in opposition when it acted upon defendant Land Air's motion for order and therefore the court did not understand the extent to which plaintiff had, in fact, complied with defendant's discovery request or had made a good faith effort to comply or that defendant's requests for discovery were excessive.
Because of these allegations, this court assigned the matter for oral argument on March 1, 1999. At said hearing, the matter was fully argued by both parties, including defendant's claim that the motion to reopen was defective because it failed to comply with the requirement of verification. The original motion was not in fact verified, but subsequent to its filing, and after
the four month period had elapsed, the plaintiff filed with its supplemental memorandum, referred to infra, what it styled as a "Jurat" in which the plaintiffs attorney swore to the truth of all factual matters contained in the plaintiffs motion to reopen dated November 12, 1998. At that hearing, the defendant raised for the first time the issue of verification as affecting the subject matter jurisdiction of the court citing G. F.Construction. Inc. in support of their position.[1]
Plaintiff requested an opportunity to brief this specific issue, and the court permitted both sides to file supplemental memoranda limited to this issue in view of the fact that this was the first time this jurisdictional question was raised. After CT Page 3501 again reviewing all documents filed by both parties on the reopening question, including the supplemental memoranda, this court declines to reopen the nonsuit for the following reasons. The court finds the jurisdictional issue dispositive of this matter.
 CURING THE AFFIDAVIT DEFECT
The plaintiff has submitted the Jurat as part of his supplemental memorandum. He urges this court to apply the Jurat dated March 8, 1999, retroactively to November 12, 1998, relying on the doctrine of relation back, and citing two Appellate decisions and one Superior Court decision in support of this position.[2] All these cases cited are inapposite. In each case, the court applies the doctrine of relation back to validate an amendment of an original cause of action on the grounds that the amendment, although filed after the statute of limitations had expired, was merely an amplification or expansion of the original cause of action and was not a separate and distinct cause of action. In the present case, the Jurat is in effect a separate and distinct requirement of the pleading in question. That is because its function is not to amplify but to verify the claims made in the motion. Furthermore, the plaintiff has not cited any authority for the proposition that the doctrine of relation back applies to the opening of judgments, and the court is unaware of any.
The second argument urged upon the court by the plaintiff in its supplemental memorandum in support of his motion to open the nonsuit is that no affidavit was required in the first place. This position is totally untenable. Plaintiff argues that the present situation is governed by section 17-4 of our rules of practice and that rule requires no affidavit. This argument is without merit for two reasons. First, section 17-4 does not apply to this situation because defendant, Land Air, has not consented to opening the judgment nor voluntarily submitted to the jurisdiction of the court as required by that rule. This section is only available to parties willing to waive such defects as exist in the pleadings and voluntarily submit to the jurisdiction of the court. § 17-4.
Secondly, the plaintiff disingenuously argues that Rule 17-4 is the controlling when in its memorandum in support of this motion to open (pleading number 132) he expressly states that its motion is brought ". . . in accordance with CGS 52-212."[3] CT Page 3502 Nowhere in his memorandum of November 12th does he rely on 17-4 That he has never relied on § 17-4 is further substantiated by the fact that plaintiff in filing his motion to open submitted a fee of $60 to the clerk of the court. Section 17-43 of our rules of practice in requires a filing fee of $60.00. Section 17-4 requires no fee.
Finally, the language of § 52-212 CGS tracks the language of 17-43 of our rules of practice in all material respects. Significantly, both statute and rule require that the motion to open be verified under oath. The failure to verify the motion to open a nonsuit in timely fashion deprives the court of jurisdiction to entertain such motion. G.F. Construction, Inc., supra, 12-124.
Accordingly, plaintiff's motion to reopen the nonsuit is hereby DENIED. The judgment of nonsuit entered by this court on July 20, 1998 remains in full force and effect.
MELVILLE, J.